**In re HUSKINS.**

Court of Common Pleas of Ohio,
Probate Division, Columbiana County.

No. 97 AD 0027.

Decided Nov. 21, 1997.

*Thomas J. Tangi,* for petitioner.

C. ASHLEY PIKE, Judge.

This matter was called for hearing on Wednesday, October 29, 1997, on a petition for adoption. Present in court were the following: the petitioner, Roger D. Huskins; his counsel, attorney Thomas J. Tangi; and Nicholas A. Heslep.

By the petition, Roger D. Huskins, who is the birth father of Nicholas A. Heslep, now seeks to adopt him. At a prior time, Roger D. Huskins gave his consent to the adoption of Nicholas by Jeffrey Heslep, the child's stepfather. By

this petition, Roger D. Huskins now seeks a reversal of the previously completed adoption process.

Both the petitioner and Nicholas A. Heslep, now an adult, were sworn, and, from their testimony, the court finds and orders as follows:

(1) Roger D. Huskins (petitioner) is a resident of Columbiana County, Ohio, and this court has jurisdiction in this matter.

(2) Petitioner is the birth father of Nicholas A. Heslep and now seeks to adopt him.

(3) Nicholas A. Heslep; his adoptive father, Jeffrey Heslep; and his mother, Kimberly Andrie, have all filed consents to this adoption.

(4) Whereas Ohio statutory law does not specifically authorize this type of adoption, the evidence here reveals a relationship truly analogous to situations the Revised Code does authorize as appropriate for adult adoptions.

(5) Under current law if the evidence reveals a previously existing child-foster parent or child-stepparent relationship, then the same may furnish a basis for the type of adoption requested here. R.C. 3107.02.

(6) The evidence herein demonstrates clearly that the petitioner and Nicholas, whose initial relationship was established at the latter's birth, reestablished a parent-child relationship approximately six years ago, and that relationship continued to flourish through the remainder of Nicholas's minority and into his early adulthood.

(7) In the case of *In re Adoption of Huitzil* (1985), 29 Ohio App.3d 222, 29 OBR 267, 504 N.E.2d 1173, the Court of Appeals for Butler County opined that the relationship of "child-foster parent" set forth in R.C. 3107.02(B)(3) is essentially analogous to a child-parent relationship. Thus, to determine whether a child-foster parent relationship existed during the child's minority, allowing his adoption as an adult, a court should look for the attributes related to the raising and nurturing of a child, including the provision of emotional and financial support, food, shelter, discipline, guidance, education, religious training, medical care, and love and affection.

(8) The court finds from the evidence that the essential attributes found in *Huitzil* are likewise present here. Those include emotional support, guidance, love and affection.

(9) Therefore, the court is satisfied that a relationship existed between the petitioner and Nicholas A. Heslep during the latter's minority and now into his majority that must be considered analogous to the child-foster parent relationship contemplated by R.C. 3107.02(B)(3).

(10) This court is of the opinion that the purpose of adoption legislation is to define relationships that could serve as the basis for successful adult adoptions. Those relationships are found to be acceptable to lawmakers because of certain attributes that such relationships are likely to spawn. Thus, to deny a petition, such as this one, based on a situation analogous to one permitted by statute is to elevate form over substance, and thus violate the spirit of this particular body of law.

(11) The court further finds that it would be in the best interest of both parties to permit this adoption since all potentially relevant parties have consented—even though not statutorily required. The court hastens to add that the close relationship between the petitioner and Nicholas dictates the outcome here and not their natural birth relationship. However, it was the role of the latter that caused these two principals to establish the type of relationship now serving as a basis for this court's decree.

(12) Accordingly, this petition is granted.

(13) It is ordered that the name of the adopted adult be changed to "Nicholas A. Huskins."

(14) A final decree of adoption is hereby entered.

(15) It is further ordered that a certificate of adoption, certified by this court, be forwarded to the Ohio Department of Health, Bureau of Vital Statistics, at Columbus, Ohio. Further, a copy of this decree is ordered forwarded to the Ohio Department of Human Services for statistical purposes.

*So ordered.*